UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY AVILA, JR., <br><br>  Petitioner, <br><br> vs. <br><br> KEVIN CHAPPELL, Acting Warden of San Quentin State Prison, <br><br>  Respondent. | Case No. 1:11-cv-01196-AWI-P <br><br> DEATH PENALTY CASE <br> Order Granting Petitioner's Motion for Stay and Abeyance; Vacating Hearing; and Setting Schedule for Exhaustion Briefing <br><br> HEARING DATE: <br>  September 10, 2012 <br>  VACATED |

On June 14, 2012, Petitioner Johnny Avila, Jr. ("Avila") filed his federal petition for writ of habeas corpus, and a Motion for stay and abeyance of his federal proceedings. Doc. 27. Avila concurrently filed a second state habeas petition (Case No. S203288), presenting unexhausted claims, with the California Supreme Court. Respondent Kevin Chappell ("Warden") filed an opposition to Avila's motion for stay and abeyance August 27, and Avila filed a reply August 29, 2012. This matter can be decided on the papers without need for a hearing.

Avila asserts he has discovered, and included in his federal petition, claims that were not previously raised in state court (Claims 1, 2, 8, 31, 50, and 51), and expanded other claims previously pled (Claims 9 and 30). Avila states the state exhaustion petition, filed contemporaneously with his federal petition, includes all of his unexhausted claims.

The claims in his federal petition which Avila admits are unexhausted present the following allegations: Claim 1 - Intellectual Disability ("*Atkins* claim")[1]; Claim 2 - Cognitive Impairments Equal to Intellectual Disability; Claim 8 - Jury Misconduct, Material Misstatement at Selection and Outside Consultation during Penalty Deliberations; Claim 50 - Unconstitutional State Appellate and Post-Conviction Review; and Claim 51 - Ineffective Assistance of State Appellate and Habeas Counsel.  The prior presented claims which are expanded allege: Claim 9 - Ineffective Assistance of Counsel at Guilt; and Claim 30 - Ineffective Assistance of Counsel at Penalty.

**Avila's Motion for Stay and Abeyance**

Avila alleges there is uncertainty over whether his state exhaustion petition will be considered properly filed, and thus whether it will toll the one-year statute of limitations.  Avila contends there is good cause for this uncertainty, and also good cause for bringing the exhaustion petition at this time.  Avila has asserted, in support of the timeliness of the claims in his exhaustion petition, that evidence was newly discovered through the provision of federal funding, and that post-conviction counsel was ineffective.  Avila argues the vagueness and complexity of California's procedural bar rules, as well as their random enforcement, makes it impossible to reliably predict the state court's ruling on the timeliness of his exhaustion petition.

Avila contends that his state exhaustion petition contains potentially meritorious claims, and that he has not engaged in intentionally dilatory litigation tactics.  Avila argues his federal proceedings should be stayed pending the resolution of his state exhaustion petition.

---

[1] An *Atkins* claim asserts that a petitioner is mentally retarded and thus exempt from execution under *Atkins v. Virginia*, 536 U.S. 304 (2002).

**Warden's opposition**

The Warden agrees there is no evidence that Avila has intentionally engaged in dilatory litigation tactics, but contends he has not demonstrated good cause for his failure to previously exhaust the unexhausted claims in state court. The Warden asserts, contrary to Avila's argument, that under *Pace* there is no reasonable confusion over the timeliness of Avila's exhaustion petition.  The Warden contends California's timeliness rule is firmly established and regularly followed, and that Avila has failed to establish the absence of substantial delay for his exhaustion petition, or good cause for the delay, or that the unexhausted claims fall within an exception to the timeliness rule.

The Warden argues that several of Avila's unexhausted claims reasonably could, and should, have been raised in the first state habeas petition.  The Warden recommends rejection of the contention that other claims should be found timely due to the ineffectiveness of state post-conviction counsel, as Avila has not shown either deficient performance nor prejudice.  The Warden also alleges that ineffectiveness of state post-conviction counsel is not available to allow consideration of Avila's untimely claims because he is not constitutionally entitled to counsel on state collateral review.

Lastly, the Warden contends that none of Avila's unexhausted claims fall within any exception to California's timeliness rules.  Accordingly, the Warden argues that Avila has failed to establish good cause to stay the federal proceedings.

**Avila's reply**

Avila asserts his federal counsel have an ethical duty to independently investigate and timely present his habeas claims in federal court.  In the absence of any waiver of the exhaustion requirement by the Warden, competent habeas

counsel who develop new claims and evidence with federal funds have no choice but to file simultaneous federal and state petitions and seek exhaustion, as a petitioner is prohibited under 28 U.S.C. § 2254(b)(1)(A) from proceeding with litigation of unexhausted claims in federal court.  Avila contends he has followed the advice of the United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) and *Rhines v. Weber*, 544 U.S. 269 (2005).

Avila asserts his state exhaustion petition is not necessarily untimely, as the California Supreme Court has ordered the Warden to file an informal response to the petition, signaling that further briefing is desired.  Avila contends that although his exhaustion petition was filed after the presumptive timeliness date, it contains allegations of "triggering" facts, the diligence of counsel, and the timeliness issue.  Under California procedures and law, so long as a petitioner's claims are filed without significant delay, there is good cause for the delay, or one of the exceptions to the diligence rule apply, the state court will consider the claims on the merits.

Avila argues that California's timeliness standards are difficult, if not impossible, to predict since they are vague, inexact, and subject to judicial discretion.  The timeliness standards are intentionally flexible and purposely inexact, to enable California courts to determine whether a petitioner has exercised due diligence.  Avila contends his exhaustion petition does not merely reiterate prior claims, but asserts  new claims, including an *Atkins* claim.  Avila contends the California Supreme Court has yet to deny an *Atkins* claim as successive, untimely, or procedurally barred, but has either denied it on the merits or issued an order to show cause.  Avila asserts he has a legitimate interest in fully litigating all the evidence developed by federal habeas counsel.  Lastly, Avila alleges that ineffectiveness of post-conviction counsel may constitute good

cause for failure to exhaust, *Rhines v. Weber*, 408 F. Supp. 2d 844, 848-849 (D.S.D. 2005), or may be cause to excuse a procedural default. *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1318 (2012).

**Standard for Granting Abeyance**

District courts have discretion to hold a federal mixed petition in abeyance to permit exhaustion of claims in state court. *Rhines*, 544 U.S. at 276.  The high Court observed that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner [1] had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.  Where a petitioner satisfies these criteria, "the district court should stay, rather than dismiss, the mixed petition." *Id.*

The Warden adds that *Rhines* cautions "abeyance should be available only in limited circumstances," *id*., 544 U.S. at 277, and courts should not routinely excuse the failure to present claims to the state court in the first instance.  The Warden also offers a definition of "good cause" which *Rhines* did not explain.  Acknowledging that "good cause" for abeyance is less stringent than an "extraordinary circumstances" standard, the Warden argues that at a minimum, "good cause" requires a showing of diligence, citing Ninth Circuit authority in another context. *See Johnson v. Mammoth Recreations, Inc.*, 974 F.2d 604, 609 (9th Cir., 1992).

**Order**

Avila has established good cause for his *Atkins* claim.  Although his first state habeas petition was filed on June 9, 2003, about one year after the Supreme Court issued the opinion in *Atkins*,, it was filed before California established the criteria for stating a valid claim under *Atkins.  See In Re Hawthorne*, 35 Cal.4th 40

(Feb. 10, 2005) (holding Cal. Penal Code § 1376, eff. Jan. 1, 2004, applies on post-conviction). State habeas counsel filed a confidential request for funds with the state court on March 13, 2003, but the court did not rule on the request until June 18, 2003, nine days after Avila's first habeas petition was filed. The funding request and order were both confidential so it is unclear what the purpose of the funds were or whether it was granted or denied. It is probable that under California's policies and procedures in place at the time, Avila did not have the ability to establish facts which would have allowed him to present an *Atkins* claim to the state court during his first round of state post-conviction review. Further, the grant of abeyance stays Avila's entire federal proceeding, so presentation of other unexhausted claims to the state court, whether or not there is good cause for each claim, will not additionally delay the federal petition.

Avila's motion to hold the federal proceedings in abeyance is granted. Abeyance will commence after the Court addresses the exhaustion status of the remaining claims in Avila's federal petition. Counsel for the parties shall meet and confer within the next 30 days to discuss the exhaustion status of the claims in the petition and shall file a Joint Statement on Exhaustion within 45 days of the date of this order. Should the parties disagree about the exhaustion status of any claim, Avila shall concurrently file a separate pleading addressing the issue and stating where he believes the claim was presented to the state court.

IT IS SO ORDERED.

DATED:   September 7, 2012

                                              /s/ Anthony W. Ishii
                                              Chief United States District Judge