UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY AVILA, JR., | Case No. 1:11-cv-01196-AWI-P |
| Petitioner, | |
| vs. | DEATH PENALTY CASE |
| KEVIN CHAPPELL, Warden of San Quentin State Prison, | Order Regarding Exhaustion Status of Claims in Petitioner's Federal Petition |
| Respondent. | |

On June 14, 2012, Petitioner Johnny Avila, Jr. ("Avila") filed his federal petition for writ of habeas corpus, along with a Motion for stay and abeyance of his federal proceedings. Doc. 27. Avila concurrently filed in the California Supreme Court a second state habeas petition (Case No. S203288), presenting unexhausted claims which were included in his federal petition. Respondent Kevin Chappell ("Warden") filed an opposition to Avila's motion for stay and abeyance August 27, and Avila filed a reply August 29, 2012. Avila's motion for stay and abeyance was granted September 7, 2012, but was stayed until after the Court could address the exhaustion status of the remaining claims in Avila's federal petition.

/////

Avila admits the following claims in his federal petition present allegations which are unexhausted: Claim 1 - Intellectual Disability ("*Atkins* claim"); Claim 2 - Cognitive Impairments Equal to Intellectual Disability; Claim 8 - Jury Misconduct, Material Misstatement at Selection and Outside Consultation during Penalty Deliberations; Claim 50 - Unconstitutional State Appellate and Post-Conviction Review; and Claim 51 - Ineffective Assistance of State Appellate and Habeas Counsel. Avila contends the following claims were previously presented to the state, but are expanded in his federal petition: Claim 9 - Ineffective Assistance of Counsel at Guilt; and Claim 30 - Ineffective Assistance of Counsel at Penalty.

The parties filed a Joint Statement on Exhaustion, agreeing that certain claims and subclaims in the federal petition are currently unexhausted. The Warden agrees with Avila that Claims 1, 2, 8, 50 and 51 are not exhausted. The parties also agree the following claims are unexhausted:

Subclaim 4.B.13 - court error in not excusing Juror FF for cause;

Subclaims 5.C.6 - ineffective assistance of counsel for failing to discover prosecutor's system for peremptory challenges;

Subclaims 5.H.2 through 5 - ineffective assistance of counsel for inadequately challenging prosecutor's peremptory challenges and failing to join objections by co-defendant's counsel;

Subclaims 9.B.7 and 8 - ineffective assistance of counsel for failing to investigate, prepare, and present a trial defense, specifically regarding Avila's family and social history, intellectual disability, physical and mental impairments, and to develop a complete social history;

Subclaim 9.D - ineffective assistance of counsel for failing to properly represent Avila during the jury selection process;

Subclaims 9.E.5, 6, 8, 9, 10, and 17 -  ineffective assistance of counsel for failing to properly represent Avila during trial by inadequately challenging prosecution witnesses and failing to assure proper jury instructions;

Subclaims 9.G.1, 7, 8 -  ineffective assistance of counsel for failing to assure an unbiased jury from a cross-section of the community, to adequately present Avila's physical and mental impairments, to adequately present Avila's social history;

Subclaim 24.H - denial of meaningful appellate review by the state court's denial of insufficiency of the evidence claim;

Subclaims 30.B.1, 3, 5 and 6 -  ineffective assistance of counsel at penalty for failing to investigate, prepare and present a case in mitigation and refute the prosecution's case in aggravation, specifically, misconduct in cross-examination of defense experts, failure to obtain appropriate experts, failure to obtain funds, and failure to move to restrict aggravating evidence and strike the death penalty;

Claim 31 - California's death penalty unconstitutional for failure to narrow the class of eligible defendants;

Claim 37 - lack of burden of proof instruction regarding aggravating sentencing factors; and

Subclaim 46.E.3 - denial of international law rights under ICCPR prohibiting the execution of one who is intellectually disabled.

Avila concurrently filed a statement regarding three claims and 18 subclaims about which the parties could not agree on the exhaustion status. Avila contends the disputed claims are exhausted, but also asserts these claims have been included in his state exhaustion petition, which was filed concurrently with the federal petition.

**Disputed Claims:**

Claim 7

This claim alleges the trial court's failure to conduct individual sequestered voir dire regarding death qualification of the jury violated his rights. Avila asserts this is the same claim as presented in issue XXI.K of his Appellate Opening Brief ("AOB"), at 657-659. Avila's appellate brief makes allegations both of state law error and the federal violations presented in Avila's federal petition. This claim is exhausted.

Subclaim 9.B (apart from Subclaims B.7 and B.8)

This subclaim alleges that trial counsel failed to properly investigate, prepare and present a trial defense, including the failure to: investigate witnesses; consult experts; develop evidence to contradict statements of prosecution witnesses; collect important documents relating to Avila and prosecution witnesses; adequately review physical evidence; investigate all facts surrounding the offenses; investigate and develop evidence of Avila's mental state and intoxication; follow up on limited and incomplete discovery disclosure; and properly utilize and prepare expert witnesses. Avila asserts this subclaim is a summary of the same argument presented in greater detail in Claims III and IX of his First State Habeas Petition.

Review of Avila's first state habeas petition reveals Claim III alleges ineffective assistance of counsel for failing to investigate and present evidence establishing the lack of motive for Avila, failing to investigate and present evidence that the prosecution's witnesses conspired to blame Avila for their actions, and failing to investigate and present evidence that Avila's intoxication rendered him physically incapable of committing the crimes. Claim IX in Avila's first state habeas petition alleges ineffective assistance of counsel for failing to

present evidence establishing that the physical evidence not only failed to corroborate, but contradicted, the accomplice testimony. Claim XI in Avila's first state habeas petition alleges ineffective assistance of counsel for failing to investigate and present substantial available mitigating evidence. Avila's first state petition does not include errors of counsel for failure to consult, prepare and use experts, or to follow up on discovery. Subclaims 9.B.2, 11, and 12 are unexhausted. The remaining disputed sections of this subclaim are exhausted.

Subclaim 9.C

This subclaim alleges trial counsel failed to properly represent Avila by making appropriate pre-trial motions and objections necessary to defend his rights: failure to make an adequate and factually supported motion for severance, failure to make an adequate and factually supported motion for experts' and investigators' funding, failure to file and argue appropriate pre-trial motions, and failure to join co-defendants' pre-trial motions. Avila asserts this subclaim is a summary of the same argument presented in greater detail in issues XI.D and XV.C of his AOB. Those claims however, assert an improper prosecution contract with witnesses Rojas and F. Rodriguez that required the passing of a polygraph, and that counsel's failure to object on *Medina* grounds should be excused or found to be ineffective, and trial court error for proceeding with read back of testimony in absence of Avila or his counsel. *See* AOB, pages 487 and 566. As noted above, the alleged errors of trial counsel contained in Avila's first state habeas petition do not include the specific errors asserted here. This subclaim is unexhausted.

Subclaims 9.E.13 through 9.E.16

These subclaims allege trial counsel did not properly represent Avila by failing to give an effective opening statement, failing to give an effective

argument to the jury, failing to prepare and present a viable defense, and failing to effectively cross-examine, impeach, and attack the prosecution witnesses and evidence.  Avila asserts this subclaim is a summary of the same argument presented in greater detail in Claims III and IX of his First State Habeas Petition.  As noted above, the allegations of trial counsel error presented in Avila's first state habeas petition do not include the specific errors asserted here.  These subclaims are unexhausted.

Subclaim 9.G (apart from Subclaims G.1, G.7 and G.8)

This subclaim alleges Avila was substantially prejudiced by trial counsel's inadequate preparation, lack of investigation, and performance, including: failure to object to inflammatory argument, improper evidence, irrelevant but prejudicial evidence, prosecutorial misconduct and other prejudicial inferences; failure to present evidence establishing lack of motive; failure to request proper jury instructions; failure to adequately challenge the prosecution's evidence; and failure to present evidence of the effect of Avila's intoxication on his ability to commit the crimes.  Avila asserts this subclaim is a summary of the same argument presented in greater detail in Claims III and IX of his First State Habeas Petition.  As noted above, the errors of trial counsel alleged in Avila's first state habeas petition do not allege the specific errors asserted here.  This subclaim in unexhausted.

Subclaim 12.E

This subclaim alleges the Court gave improper instructions regarding the accomplice status of Frank Rodriguez, specifically by instructing the jury the defense had to prove Rodriguez was an accomplice by a preponderance of the evidence.  Avila asserts this subclaim was briefed at greater length in issue II of his AOB, at 140-182, and the addition of a single sentence asserting the Court

erred in instructing that the defense had to prove Rodriguez was an accomplice by the preponderance of the evidence does not fundamentally alter the claim. Avila's appellate brief does not explicitly discuss the burden of proof required by the accomplice instruction, but does assert that "defective instructions lightened the State's burden of proof." *See* AOB, at page 178.  This subclaim is exhausted.

<u>Subclaim 14.G, to the extent it uses the words "heightened scrutiny"</u>

This subclaim contends that the trial court erred by failing to instruct on the natural and probable consequences doctrine, which prevented the jury from applying the heightened scrutiny necessary to evaluate the accomplice testimony of Rojas and Rodriguez, and also prevented the jury from applying the corroboration requirement to their testimony.  Avila asserts this subclaim is a summary of the same argument presented in greater detail in his AOB at 146-150, 158-162, and in the Reply at 113-122, and the mere use of the words "heightened scrutiny" does not render the claim unexhausted.  The same claim in Avila's opening brief asserted "defective instructions lightened the State's burden of proof," at 178, and alleged the error was prejudicial as a properly instructed jury more likely than not would have found Rodriguez was an accomplice, and that the corroborating evidence was insufficient.  *Id.*  Avila's opening brief asserts the witnesses should have been found to be accomplices, that their testimony was not trustworthy, and that the jury instructions improperly lightened the burden of proof.  This subclaim is exhausted.

<u>Subclaim 15.C, to the extent it discusses the term "functional equivalent"</u>

This subclaim alleges that based on the evidence and testimony at trial, Rojas and Rodriguez should have been deemed accomplices (as Juarez was), or alternatively, the functional equivalent of an accomplice and an untrustworthy source of testimony.  Avila asserts this subclaim was briefed at greater length in

1 his AOB at 146-157, and the mere use of the words "functional equivalent" is
2 insufficient to fundamentally alter the claim, which alleges that Avila was
3 convicted based on insufficient evidence in light of the accomplice liability of
4 these witnesses. Avila's opening brief asserts the witnesses should have been
5 found to be accomplices, and that their testimony was not trustworthy. This
6 subclaim is exhausted.

Subclaim 15.E, to the extent it mentions special circumstances

8 This subclaim alleges the evidence presented at trial, and the lack of
9 corroboration for prosecution witnesses, is insufficient to support the murder
10 verdict or the special circumstance findings of witness-murder and multiple
11 murder. Avila asserts this subclaim was presented in his AOB at 171-172, which
12 alleges the evidence was insufficient without evidence corroborating the
13 accomplice testimony, that the subclaim was stated with sufficient generality to
14 cover the special circumstance as well as the conviction, and the mere addition of
15 the words "special circumstances of witness-murder" do not render the claim
16 unexhausted. Avila's opening brief alleges Rojas, Rodriguez and Juarez were all
17 accomplices and that there was insufficient corroborating evidence of the
18 motivation for the killings, so there also was insufficient evidence to corroborate
19 these accomplices in regard to the witness murder special circumstance. AOB at
20 page 174. This subclaim is exhausted.

Subclaim 23.G

22 This subclaim alleges the jury verdicts were inconsistent and unreliable,
23 and the trial court erred in not granting the mistrial motion or striking the special
24 circumstance findings. Avila asserts this is the same general argument as
25 asserted in his AOB at 524-528, and the additional observation the Court similarly
26 erred in denying defense motions to strike all of the special circumstance findings

does not fundamentally alter the claim.  This subclaim is exhausted.

Subclaim 30.A

Claim 30, like Claim XI in Avila's First State Habeas Petition, argues that trial counsel were ineffective at the penalty phase by failing to properly investigate the case, prepare for trial, challenge the prosecution's evidence, investigate mitigating evidence, and present evidence and a defense at trial. Subclaim A incorporates by reference the allegations of ineffective assistance of counsel at the guilt phase, presented in Claim 9 of the federal petition.  Avila asserts the incorporation by reference of allegations and supporting exhibits in another claim does not purport to provide or expand the legal or factual basis for this claim, and does not fundamentally alter this claim, but merely preserves the ability to refer in future briefing or argument to any portion of the record, within the bounds of relevance.  This subclaim is exhausted except as to the incorporation of those sections which the parties have agreed are not exhausted, or which have been found unexhausted.

Subclaim 30.B.4

This subclaim alleges that trial counsel was ineffective for failing to collect important documents relating to Avila, the prosecution witnesses, and potential mitigation.  Avila asserts this subclaim was presented in Claim XI of his First State Habeas Petition, at 435, 465-466, and in State Petition Exhibits 7, 10, 11, 16 and 17, and the specification of the types of background records generally collected during a mitigation investigation do not render this claim unexhausted. This subclaim is exhausted.

Subclaim 30.G.3(c) and (d)

These subclaims allege that trial counsel knew of Avila's childhood in Pinedale and should have investigated his exposure to neurotoxins, specifically

his probable exposure at home to lead-based paint, which was widely used at the time.  Avila asserts these subclaims, like Claim XI in his First State Habeas Petition at 590, refers to Avila's probable exposure to lead-based paint in his childhood homes, and the additional observation that the paint "chipping off everywhere" was likely lead-based paint due to the age of the house does not render the claim unexhausted.  These subclaims are exhausted.

Subclaim 30.G.3(v)

This subclaim alleges the type of neurotoxins Avila was exposed to have well-established negative effects on the brain, which result in chronic impairments as seen with Avila.  Avila asserts this subclaim is exhausted, as it restates the premise presented in Claim XI of his First State Habeas Petition, at page 607-619, footnotes 159-169, which refers to the neurotoxins that Avila and his family were exposed to having "well-established negative effects on the brain."  This subclaim is exhausted.

Subclaim 39.E

This subclaim alleges that Avila's death sentence is disporportionate and inappropriate in light of all the circumstances.  Avila asserts this subclaim, which discusses the disproportionate sentence given to Avila in contrast to his co-defendants, was sufficiently presented in his AOB, at 659-661, and his Reply brief, at 428-430.  This subclaim is exhausted.

Claim 40

This claim argues that California's sentencing scheme employs overbroad factors in aggravation, factor (d): extreme mental or emotional disturbance, and factor (g): extreme duress or substantial domination, which improperly limited mitigation, created affirmative arbitrariness, and invited subjective determination in place of guided discretion, thus constituting a structural defect which

undercuts the death sentence. Avila asserts this claim amplifies the argument in issue XXI.E of his AOB, at 654, but does not fundamentally alter the claim. Avila's opening brief alleges the modifiers "extreme" in factor (d) and "substantial" in factor (g) unconstitutionally narrowed the scope of mitigation considered by the jury, at 654; and allege the vagueness and lack of objective criteria of these factors create an unacceptable risk of arbitrariness, at 655-56. The opening brief does not present the argument that the jurors should have been instructed that factors (d) and (g) only apply to mitigating evidence (40.C.1), nor does it allege there was structural error (40.D). This claim is partially exhausted and partially unexhausted.

Claim 41

This claim argues that California grants unfettered discretion to prosecutors to seek the death penalty, allowing reliance on irrelevant and impermissible considerations, which rendered Avila's death sentence fundamentally unfair and unreliable. Avila asserts this claim amplifies the argument in issue XXI.F of his AOB, at 654-655, but does not fundamentally alter the claim. The same argument presented in Avila's federal petition was presented in his opening brief on appeal, at 654-55. This claim is exhausted.

Subclaim 42.C

This subclaim alleges that California's factors in aggravation have been applied in an overbroad manner which denied Avila an individualized, non-arbitrary sentencing determination, including the lack of instruction about which of the list of sentencing factors are designated aggravating or mitigating. Avila asserts this subclaim amplifies the argument in issue XXI.H of his AOB, at 655-656, and the inclusion of the discussion that California's unitary list of sentencing factors with no designation as to which are aggravating or mitigating, does not

fundamentally alter the claim.  The allegations in the federal petition do not fundamentally alter the claim in Avila's opening brief with the inclusion of an allegation that there was no designation of sentencing factors as mitigating or aggravating.  This claim is exhausted.

Subclaim 43.A

Claim 43 argues California's statute violates the Constitution because it fails to provide a presumption in favor of a life sentence.  Subclaim A incorporates by reference the allegations of Claims 36 and 37.  Avila asserts this claim makes the same argument as presented in issue XXI.I in his AOB, at 656, and the incorporation by reference of allegations and supporting exhibits in other claims does not purport to provide or expand the legal or factual basis for this claim, and does not fundamentally alter this claim, but merely preserves the ability to refer in future briefing or argument to any portion of the record, within the bounds of relevance.  The incorporation of allegations from Claims 36 and 37 do not make this claim unexhausted.  This subclaim is exhausted.

Subclaim 46.E (apart from Subclaim E.3)

This claim alleges Avila's sentence is imposed in violation of international law and treaties.  Subclaim E specifically allege violations of the International Covenant on Civil and Political Rights (ICCPR) due to the conditions of incarceration, excessive delays between sentencing and appointment of appellate and state and federal habeas counsel, and excessive delays between sentencing and execution, under Articles 6 and 7; deprivation of liberty in violation of established procedures, under Article 9; denial fair trial rights, under Article 14; and denial of equal protection of the law, under Article 26.  Avila asserts this subclaim amplifies the argument in issue XXI.N in his AOB, but does not fundamentally alter the claim.  The allegations in Avila's federal petition are

expanded from the assertions in his opening brief, but are still within the scope of the same argument, that the errors set forth in his AOB violated Avila's rights under international treaties. This claim is exhausted.

Subclaim 47.A

This claim asserts that cumulative error from the errors at Avila's guilt phase trial violated his rights. This subclaim incorporates Claims 3 through 29 of the federal petition. Avila asserts this claim was presented in issue XVII of his AOB, at 593-611; in his Reply, at 405; and in Claim X of his First State Habeas Petition, and that the incorporation by reference of allegations and supporting exhibits in other claims does not purport to provide or expand the legal or factual basis for this claim, and does not fundamentally alter this claim, but merely preserves the ability to refer in future briefing or argument to any portion of the record, within the bounds of relevance. This subclaim is exhausted except as to the incorporation of those claims in the federal petition which the parties have agreed are not exhausted, or which have been found unexhausted.

Subclaim 48.C

This claim asserts that cumulative error from the errors at Avila's guilt phase trial violated his rights. This subclaim argues that even if none of the claims in the petition individually justify reversal, when considered cumulatively all guilt and penalty phase errors denied Avila his constitutional rights. Avila asserts that this subclaim was presented in his AOB at 664-677. This subclaim is exhausted except as to those claims in the federal petition which the parties have agreed are not exhausted, or which have been found unexhausted.

**Conclusion**

Subclaims 9.B.2, 11, and 12; 9.C; 9.E.13 - 16; and 40.C.1, and D; are determined to be unexhausted. Claims 30.A; 47.A; and 48.C; also are detemined

to be unexhausted, to the extent they incorporate claims which are agreed, or have been found, to be unexhausted.

     Avila's motion to stay his federal petition and hold the federal proceedings in abeyance pending the completion of state exhaustion proceedings was granted September 7, 2012, but abeyance was stayed pending a determination of the exhaustion status of the claims in his federal petition.  That stay is lifted, and Avila's federal petition will be held in abeyance until the California Supreme Court rules on his state exhaustion petition.  It is expected that the only costs counsel will incur during abeyance will be for occasional client visits.  During the pendency of state exhaustion proceedings, Avila shall file quarterly status reports commencing on or about the 25th of the month beginning in May, 2013, until the conclusion of the state proceedings.  Upon that occurrence, Avila shall immediately notify the Court of the disposition of the state proceedings, and if his state petition is denied, he shall schedule a status hearing in this Court within 30 days of the state denial.

IT IS SO ORDERED.

DATED:   February 25, 2013

                                                    /s/ Anthony W. Ishii
                                                United States District Judge