# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY AVILA, JR.,<br><br>Petitioner,<br><br>v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>Respondent.[1] | Case No. 1:11-cv-01196-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING PETITIONER'S MOTION TO DISMISS PETITION AS MOOT<br><br>(ECF No. 67)<br><br>FOURTEEN (14) DAY DEADLINE TO OBJECT |

Petitioner, Johnny Avila Jr., was convicted and sentenced to death in Fresno County Superior Court on March 21, 1995. The judgment of conviction and sentence was affirmed by the California Supreme Court on December 21, 2006. The United States Supreme Court denied the petition for writ of certiorari on March 26, 2007. Petitioner's state habeas petition was denied on June 15, 2011. On July 19, 2011, Petitioner initiated this action by filing requests for appointment of counsel, stay of execution, and in forma pauperis status. On June 14, 2012, Petitioner, through counsel, filed his federal habeas petition pursuant to 28 U.S.C. § 2254. On September 7, 2012, these proceedings were stayed for state exhaustion. The exhaustion petition

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ron Davis, Warden of San Quentin State Prison, is substituted as Respondent in place of his predecessor wardens.

1

filed in the California Supreme Court remains pending.

On August 25, 2020, counsel for Petitioner filed a motion to dismiss the petition filed in this action as moot, based upon Petitioner's death on June 26, 2020. The motion attaches Petitioner's certificate of death as Exhibit A thereto.

As this Court has observed:

> Federal courts have jurisdiction to hear cases and controversies. U.S. Const. art. III, § 2. An actual controversy must exist between the parties throughout all stages of the proceeding. Alvarez v. Smith, ——U.S. ——, ——, 130 S.Ct. 576, 580, 175 L.Ed.2d 447 (2009). An action becomes moot when the issues "are no longer 'live,' " i.e., when the "parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). I[n] these habeas proceedings the relief sought, i.e., petitioner's immediate release from custody, is unique to the petitioner himself and cannot be transferred. "In other words, the claims [are] extinguished upon [a] petitioner's death and no party can be substituted for him." Pennewell v. Carey, No. 2:06–cv0598 JKS EFB, 2008 WL 1860166, at *1 (E.D. Cal. Apr.23, 2008) (citing Fed. R. Civ. P. 25(a)). "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." Garceau v. Woodford, 399 F.3d 1101 (9th Cir.2005). See also Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (dismissing a certiorari petition because petitioner had died); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir.2003) (dismissing a petition for writ of habeas corpus as moot because petitioner had died).

Germino v. Marshall, No. CIV S-08-3010, 2010 WL 5393907, at *1 (E.D. Cal. Dec. 21, 2010).

Accordingly, it is hereby recommended that the motion to dismiss the petition be granted and that this action be dismissed as having been rendered moot by Petitioner's death. These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the filed date of these Findings and Recommendation, Respondent may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 1, 2020**

UNITED STATES MAGISTRATE JUDGE